tially authorized to discharge that duty, and executed a bond in the penalty of $10,000 to account for the money which came to his hands belonging to the firm. We may therefore assume that the plaintiff was not in danger of being prejudiced pecuniarily, in consequence of the discharging of said mortgage. If Mrs. Burhans had paid the mortgage, she was entitled to have it discharged; and whether or not such payment had been made, became a question of fact for the court to decide, which has been done, upon evidence too strongly supporting the decision to be disturbed. The facts justify the assumption that the mortgage had been paid, and there was, on the 8th and 10th day of August, 1885, an agreement to discharge the same, and therefore the paper which was in fact executed on the 17th day of August, 1885, by relation, took effect at the time the agreement to discharge was made. The paper was but evidence of what had been previously agreed upon, for the purpose of canceling the mortgage upon the record. *Green* v. *Fry*, 93 N. Y. 358.

The application of the $250 which had been paid to the partnership firm by Mrs. Burhans for the purpose of obtaining an extension of the time for the payment of the mortgage was properly applied as a payment thereupon. *Trust Co.* v. *Kech*, 69 N. Y. 248.

We think the court properly directed judgment in favor of Carrie Burhans against William J. Turck and Nelson H. Burhans for the balance which was ascertained to be due her after satisfying the mortgage. The parties were all before the court, and the balance, thus found due, arose substantially out of the same transaction, and affected only the parties to this action, so far as the case discloses. A multiplicity of actions will not be favored when one will end the entire controversy. The provision of the Code of Civil Procedure is very broad, and was, we think, intended to accomplish just such a result. It is as follows: "Sec. 1204. Judgment may be given for or against one or more plaintiffs, and for or against one or more defendants; it may determine the ultimate rights of the parties on the same side, as between themselves; and it may grant to a defendant any affirmative relief to which he is entitled." *Derham* v. *Lee*, 87 N. Y. 599; *Barker* v. *Cocks*, 50 N. Y. 689; *Institution* v. *Burdick*, 87 N. Y. 40. No question seems to have been raised at the trial in regard to the sufficiency of the pleadings to authorize the relief granted; and consequently the case is not embarrassed by any such question. If any such objection had been made, and it had been deemed necessary, an amendment might have been granted. At folio 387 of the case it appears that the court found, at the request of the plaintiff's counsel, the following: "(35) There was in fact no money paid to either defendant Turck, or plaintiff Burhans, by Albert Burhans, after that dated 8th August, 1885, applicable to the mortgage." We discover nothing in this finding inconsistent with the other findings herein, or with the decision of the court. All the payments upon the mortgage, strictly considered, were made upon and previous to the 8th of August, 1885. The money of Mrs. Burhans, which was applied on that day to the payment of the balance due upon the mortgage, was then, and for some time previous thereto had been, in the hands of the partnership; and consequently there was no actual counting and handing over money at any time subsequent to the 8th of August, 1885, as the court found.

The cause seems to have been properly disposed of by the trial court, and the judgment must therefore be affirmed, with costs.

---

AUSABLE CO. *v.* HARGREAVES.

(*Supreme Court, General Term, Third Department.* May, 1888.)

BOUNDARIES—ESTABLISHMENT BY ADVERSE POSSESSION—ERRONEOUS SURVEY.

Where plaintiff had held undisputed possession of land for more than 20 years, claiming under a deed bounding the land by "the High-Bridge road," it appearing that an old map and survey of the road, which the law required to be filed, located

the road in a different position from the one in which it actually was and always had been, as far as any evidence showed, but that this difference was unknown to plaintiff, the latter's long possession establishes as the boundary the road as it actually was, whether the deed under which he claimed properly referred to the survey as filed or to the actual road.

Appeal from circuit court, Essex county.

Action of trespass by the Ausable Company against Seth Hargraves. Judgment for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and INGALLS and LANDON, JJ.

*R. L. Hand,* for appellant.   *F. A. Rowe,* for respondent.

LANDON, J.  The lands of the parties lie opposite each other.  The plaintiff's land is bounded on the west "by the middle of the old High-Bridge road," and the defendant's on the east by the same line.  The Great Northern Turnpike Company was, by chapter 76 of the laws of 1805, authorized to construct a turnpike road from a point in Washington county to the north line of the state, through Essex and Clinton counties.  Commissioners were provided to lay out such road, and it was made their duty to file, "in every county through which such road should pass, an accurate map of the survey of the same in such county;" and the company was directed to cause the road to be opened.  The commissioners made and filed a map and survey of the turnpike.  These were produced in evidence.  No evidence of the actual location of any road between the lands of these parties was given of an earlier date than 1836.  The trespass of which complaint is made is the extension by the defendant of his fences up to the center of the old High-Bridge road, as defined by the survey, and this extension passes considerably to the east of the old High-Bridge road as actually located in 1836, and as it continued to be down to within eight years of the trial.  The plaintiff keeps a large hotel, and about eight years ago the fences along its side of the old road were removed.  The plaintiff's deed and those of its grantors contain a description given in the deed from the first grantor in 1828.  Mrs. Cooley's deed, under which the defendant claims, and the deeds of her grantors, contain a description first shown to have been used in 1840 with respect to the defendant's lands by the grantor.  The occupation of the plaintiff and of his grantors since 1856 has been to the line of the High-Bridge road as actually located.  The trial court held that the boundary between the lands of the parties was the middle of the road as actually located, and not as surveyed, since there is no evidence that the location and the survey ever corresponded at this point.  The defendant contends that, as the first known deed of plaintiff's grantors was in 1828, and there is no other evidence of the then location of the road except such as the survey and map indicate, the plaintiff's boundary must correspond with that of the map and survey.  The defendant gave evidence tending to show that such boundary line corresponds with the calls of plaintiff's deed as to the parallel boundary upon its eastern side, but this evidence rested upon the assumption that the surveyor had found the true eastern line, and that the distances between the east and west lines were exactly given in plaintiff's deeds.  As between plaintiff and defendant, the boundary is the middle of the old High-Bridge road, without respect to the plaintiff's other boundaries, though it is conceded that other boundaries may be resorted to as evidence, if the location of the road is uncertain.  The appellant claims that defendant takes nothing by long possession since it was not accompanied by any claim of title.  In this we think he is in error.  There is no evidence that the road was ever located at this point in conformity with the survey.  The only evidence of its first location is of the year 1839; that is definite and certain.  The location is shown to have then been accomplished.  There is an absence of evidence of any other location.  Since the first memory of its location is as shown to be in 1839, and no fact is shown indicating any other upon the ground, the presumption is that as it was first known within any memory

of which we have any knowledge, so it came down from time without memory. The survey does not even tend to contradict this presumption. It is a survey for a proposed road, not of a road actually located. It is no part of the road itself, but part of the proposal for a contemplated road. We may assume that the line indicated by the survey was contemplated in 1806, and we know that the road found on the ground in 1839 had theretofore been located. Why the road contemplated and the road located did not exactly correspond, we do not know. We know they did not in 1839, and since we know that roads do not of themselves change their location, but are changed by the application of means to that end, and as we have no evidence of such application, we assume the road of 1839 and the road of 1828 are identical, and never conformed to the survey. The plaintiff and its grantors were in possession of the land on the east side of the road as located since 1839. The defendant says they only claimed under their deed, and therefore did not claim to the road as actually located, but as described in the survey. The fact is plainly otherwise. Their deed described their western boundary as the middle of the old High-Bridge road. There was only one such road of which they were advised, and they believed it to be the road mentioned in their deed. They occupied all their deed apparently covered; they claimed to own all they occupied; their claim was unchallenged for 40 years; they never admitted the possibility of error in the location of the road, but held and claimed according to the existing monument. Grant that there was an original error in the location of the road, and that their deed referred to the survey, and not to the location: practical location and long and unbroken acquiescence of the adjoining proprietors for more than 20 years in the located road as the true boundary would conclude both parties. *Jones* v. *Smith*, 64 N. Y. 180. There is an entire absence of any qualifying circumstance breaking the force of this practical location such as appeared on the subsequent trial of *Jones* v. *Smith*, reported in 73 N. Y. 205. The defendant deduces title only from 1840. His deed, therefore, adopts the road as it then was. *Glover* v. *Shields*, 32 Barb. 374. When he built this fence complained of he, therefore, was a trespasser upon somebody, and since the plaintiff was in possession under color of a paper title which the defendant had no standing to dispute, the defendant violated that possession.

The judgment should be affirmed, with costs.